STONE, Justice, ad hoc.
Defendant, Frank R. Pope, upon a finding of guilty as charged, was sentenced to six months and placed upon inactive probation for one year and now appeals. Defendant was charged by bill of information with the crime of Defrauding an Innkeeper, a violation of R.S. 21:21.
The defendant checked into the Grand Hotel, 1500 Canal Street, New Orleans, Louisiana on Friday, October 6, 1978 and paid for the first night in cash. His room reservation was to expire on October 8, 1978. He accumulated charges (room service) totaling $231.00. On Sunday, October 8, one Gloria White Toney, front desk manager, called the defendant concerning his bill. The defendant stated that he would come down and pay it, but never did. Later on the same day the defendant was confronted by the hotel management about the payment of the obligation. The defendant had no identification aside from his airline ticket, no major credit cards, no driver’s license and no luggage. Upon an examination of the defendant’s room, an unregistered man was found, even though defendant had registered as the single and only occupant of the room in question.
Defendant testified that the man found in his room was a person he had found in the French Quarter and had brought to his hotel and provided with food and lodging. Defendant offered to pay his bill by wiring his Philadelphia bank on Tuesday for money, since Monday, October 9, 1978 was a legal holiday. The management refused to wait until Tuesday for the money because the defendant had no identification, no luggage and no adequate means of identification. The police were called and the defendant was arrested on Sunday, October 8, 1978.
The state charged the defendant with defrauding an innkeeper in violation of R.S. 21:21 which reads in part,
“No person shall:
(1) Obtain accommodations at any hotel, inn, boarding house or restaurant or procure food without paying therefor, with intent to defraud, except when credit is given by express agreement.

(6) Obtain accommodations, food, property or services by other than the use of a credit card from any hotel, inn, boarding house or restaurant by the use of deception knowing he is without sufficient means to pay for them.”
Louisiana R.S. 21:22 provides:
§ 22. Prima facie evidence of intent to defraud
The failure of any person to pay the proper charges due for any food, lodging, beverages, or anything of value due to any hotel, inn, boarding house or restaurant before departing from the premises, without first personally appearing before the room clerk or other agent of the establishment before departing and protesting the amount alleged to be due, or without working out satisfactory credit arrangements for the payment thereof, is prima facie evidence of intent to defraud, within the meaning of R.S. 21:21.
The defendant has never paid the obligation incurred at the hotel. The defendant testified that he knew that he was without sufficient funds with which to pay his bill because he had only $100 in cash and no credit cards. He testified that he did not discuss the terms of his bill with anyone at the hotel prior to being confronted with his overdue bill.
The defendant bases his appeal to the court on a single assignment of error in which he claims that the court erred in finding him guilty of defrauding an innkeeper on grounds of insufficient evidence to prove that he, the defendant, had the requisite criminal intent. We believe* this contention to be without merit.
Any “rational trier of fact” could have found guilty beyond a reasonable doubt under the circumstances presented in this case. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L,Ed.2d 560 (1979).
Defendant testified when asked, that he did not wire for any money after he realized the amount of accumulated charges, *914 again indicating that he did not know that the bank would be closed on Monday. We think that he should have attempted to make the necessary arrangements for the credit extension before the bill was incurred or at least at the time he discovered he would not be able to pay it; and that the bill should have been paid as soon thereafter as the funds were in fact available to him. The trial court reached the proper conclusion in our judgment; that the defendant obtained credit with intent to defraud, in violation of the statute cited.
Affirmed.
MARCUS, J., concurs and assigns reasons.
BLANCHE, J., concurs, being of the opinion that the defendant’s conviction is supported by the State’s long standing “some evidence” rule.